**In the Matter of Christopher F. LONG.**

**No. 2000–270–M.P.**

Supreme Court of Rhode Island.

July 24, 2000.

See also, 755 A.2d 842

David Curtin, Chief Disciplinary Counsel, for Plaintiff.

Christopher F. Long, for Defendant.

Present: WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case is before the Court pursuant to a petition for the imposition of reciprocal discipline filed by the Supreme Court Disciplinary Counsel (disciplinary counsel). The respondent, Christopher F. Long (respondent), is a member of the Bar in the Commonwealth of Massachusetts and in the State of Rhode Island. On May 12, 2000, the Supreme Judicial Court of the Commonwealth of Massachusetts suspended the respondent from the practice of law in the Commonwealth of Massachusetts and notified disciplinary counsel of that suspension. Pursuant to Article III, Rule 14 of the Supreme Court Rules of Disciplinary Procedure, disciplinary counsel filed the instant petition with this Court. On June 26, 2000, we entered an order immediately suspending the respondent from the practice of law for three months, with a full opinion to follow.

The pertinent facts giving rise to respondent's suspension from the practice of law in the Commonwealth of Massachusetts are as follows. In October 1988, Peter Pietraszek (Pietraszek) purchased a lot in a real estate subdivision being developed by John Carrigg and others. Pietraszek was represented by a different attorney in that transaction. That other attorney was also retained by Pietraszek to secure the necessary permits to construct a home and install a septic system. By November 1989, Pietraszek had become dissatisfied with the services of that attorney, and retained respondent to secure the necessary permits and to bring a civil action against Carrigg and others.

The respondent secured the permits Pietraszek required to complete the construction of his home. In September 1991, Pietraszek met with respondent to discuss filing a complaint against Carrigg and others. After reviewing the deed received by Pietraszek in the conveyance of the lot, respondent informed Pietraszek that certain disclosures in the deed would adversely impact his ability to recover damages.

These potential obstacles did not deter respondent or his client, and on October 23, 1991, a complaint was filed against Carrigg and others (defendants) in the courts of the Commonwealth of Massachusetts. However, respondent took little or no further action on Pietraszek's behalf after filing the complaint, and failed to serve defendants within the ninety days allowed by court rule. On three separate occasions, respondent falsely informed his client that service had been made, and that any delays in having the case heard were attributable to a court backlog. In April 1992, the civil action was dismissed by the court for failure to effectuate service of process.

In April 1993, Pietraszek communicated with respondent regarding the status of the putative litigation, and was advised falsely that the case was pending. In November 1993, Pietraszek contacted the

court directly and learned for the first time that his case had been dismissed in April 1992. When he confronted respondent regarding his knowledge of the status of the litigation, respondent denied that he was aware that the case had been dismissed. Subsequently, Pietraszek discharged respondent, retained another attorney to pursue a legal malpractice action against respondent, and secured a negotiated settlement of that claim.

An additional instance supporting respondent's suspension arose from his representation of James Farristall (Farristall) in a guardianship petition regarding Farristall's daughter. The guardianship petition was filed by Albert McSweeney. On July 8, 1996, respondent filed an entry of appearance for Farristall, and approximately one week later the court issued an order scheduling a pretrial conference for October 2, 1996. The order further provided that the failure of any party to appear at the pretrial conference could result in the matter being ordered to an immediate hearing. The respondent received the order, but did not advise Farristall to appear in court or provide him with a copy of the order.

In mid-September, while reviewing his calendar, respondent noticed that he was scheduled to appear in court for the "McSweeney" pretrial conference. He did not recollect representing anyone named McSweeney and did not remember Farristall's connection to that matter. The day before the scheduled pretrial conference, he called the court to determine the purpose of the hearing and learned that this was the matter for which he had been retained by Farristall. He called Farristall about the matter, and Farristall advised him that he could not attend court on such short notice without jeopardizing his employment. Accordingly, respondent informed Farristall that he would request a continuance of the pretrial conference.

On October 2, 1996, respondent called the court and requested a continuance. He intentionally misrepresented the reason for the request by stating that he was on trial in another court. When the request for a continuance was made known to the judge, he instructed his staff to call respondent to ascertain the name of the case respondent was involved in, the name of the court where the case was being heard, and the name of the judge hearing the case. The respondent provided false information in answer to these inquiries, and was advised by the staff member that the pretrial conference would be continued. However, when provided with this information, the judge called the other court where respondent claimed to be on trial, and learned that respondent was not scheduled to be in that court. The judge subsequently referred respondent's conduct to the Massachusetts Bar Counsel for disciplinary action.

Based upon the above facts, the Supreme Judicial Court of the Commonwealth of Massachusetts concluded that respondent had violated the following Disciplinary Rules of the Code of Professional Responsibility in his representation of Pietraszek: DR 1–102(A)(4), DR 6–101(A)(3), DR 7–101(A)(1), DR 7–101(A)(2), and DR 7–101(A)(3). Additionally, the court concluded that respondent had violated the following Disciplinary Rules of the Code of Professional Responsibility in his representation of Farristall: DR 1–102(A)(4), DR 1–102(A)(5), DR 1–102(A)(6), DR 6–101(A)(3), DR 7–101(A)(1), DR 7–101(A)(2), DR 7–101(A)(3), and DR 7–102(A)(5).

At all times pertinent to this proceeding, the ethical obligations of attorneys admitted to practice in the Commonwealth of Massachusetts were set forth in the Code. The applicable Code provisions provide as follows: DR 1–102(A)(4)—"A lawyer shall not: * * * [e]ngage in conduct involving dishonesty, fraud, deceit, or misrepresentation;" DR 1–102(A)(5)—"A lawyer shall not: * * * [e]ngage in conduct that is prejudicial to the administration of justice;" DR 1–102(A)(6)—"A lawyer shall not: * * * [e]ngage in any other conduct

that adversely reflects on his fitness to practice law;" DR 6–101(A)(3)—"A lawyer shall not: * * * [n]eglect a legal matter entrusted to him;" DR 7–101(A)(1)—"A lawyer shall not intentionally: * * * [f]ail to seek the lawful objectives of his client through reasonably available means permitted by law and the Disciplinary Rules * * *;" DR 7–101(A)(2)—"A lawyer shall not intentionally: * * * [f]ail to carry out a contract of employment entered into with a client for professional services * * *;" DR 7–101(A)(3)—"A lawyer shall not intentionally: * * * [p]rejudice or damage his client during the course of the professional relationship, * * *;" and DR 7–102(A)(5)—"In his representation of a client, a lawyer shall not: * * * [k]nowingly make a false statement of law or fact."

This Court adopted the Rules of Professional Conduct on November 1, 1988, and those rules supersede the prior Code of Professional Responsibility in this jurisdiction. However, those same principles, with the exception of DR 1–102(A)(6), are embodied within the present rules. The applicable rules, if the misconduct had occurred in this jurisdiction, are Article V, Rule 1.3 of the Supreme Court Rules of Professional Conduct, which provides, "A lawyer shall act with reasonable diligence and promptness in representing a client;" Rule 3.2, which provides, "A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client;" Rule 8.4(c), which provides, "It is professional misconduct for a lawyer to: * * * [e]ngage in conduct involving dishonesty, fraud, deceit or misrepresentation;" and Rule 8.4(d), which provides, "It is professional misconduct for a lawyer to: * * * [e]ngage in conduct that is prejudicial to the administration of justice." The Rules of Professional Conduct contain no similar provision to DR 1–102(A)(6). Article III, Rule 14 of the Supreme Court Rules of Disciplinary Procedure requires disciplinary counsel to obtain a certified copy of a disciplinary order entered in another jurisdiction and file it with this Court. Upon receipt of the petition from disciplinary counsel, we issued an order to respondent to inform this Court of any claim that he may have that the imposition of identical discipline in this state would be unwarranted, and the reasons therefore. Article III, Rule 14(d), provides, in pertinent part, that this Court shall impose identical discipline,

"[U]nless [Disciplinary] Counsel or the respondent-attorney demonstrates, or this Court finds, that upon the face of the record upon which the discipline is predicated, it clearly appears:

"(1) that the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

"(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not consistently with its duty accept as final the conclusion on that subject; or

"(3) that the imposition of the same discipline would result in grave injustice; or

"(4) that the misconduct established has been held to warrant substantially different discipline in this State."

On June 22, 2000, respondent appeared before this Court. He did not contest the findings or conclusions of the Supreme Judicial Court of the Commonwealth of Massachusetts, and assented to the imposition of reciprocal discipline with a request that any period of suspension ordered by this Court run concurrently with that imposed in Massachusetts.

Our review of the record leads us to conclude that there is no basis for not imposing reciprocal discipline under the circumstances of this case.

Accordingly, we deem that the imposition of reciprocal discipline is appropriate. Therefore, the respondent, Christopher F. Long, is suspended from the practice of law in the State of Rhode Island for a period of ninety days, commencing June

26, 2000. An order to implement this suspension was filed on that date. This opinion sets forth the reasons upon which said order was based.